UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.  Case No. 8:24-cr-354-MSS-CPT

NIDIA ROXANA MARADIAGA-FLORES
_____/


**PRETRIAL DISCOVERY ORDER AND**
**NOTICE OF TRIAL AND STATUS CONFERENCE**

Rule 2 instructs courts to interpret the Federal Rules of Criminal Procedure so as "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Accordingly, to regulate discovery and to eliminate the filing of unnecessary pretrial motions, it is hereby ORDERED:

*A.  The Government's Discovery Obligations*

Upon the Defendant's request for discovery under Rule 16(a)(1), the government shall disclose to the Defendant no later than **14 days** from the date of this Order (unless otherwise specified below) the following information:

    1.  The Defendant's oral, written, or recorded statements as governed by Rule 16(a)(1)(A) and (B).

    2.  The Defendant's prior criminal record, as required by Rule 16(a)(1)(D).

3. Documents and objects covered by Rule 16(a)(1)(E).

4. The results or reports of examinations and tests governed by Rule 16(a)(1)(F).

5. A written summary of any expert testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications as set forth in Rule 16(a)(1)(G).

B. *The Defendant's Discovery Obligations*

Upon the Defendant's requests under Rule 16(a)(1) and the government's reciprocal requests under Rule 16(b)(1), the Defendant shall promptly provide the following to the government:

1. Those documents and objects covered by Rule 16(b)(1)(A).

2. Any reports and tests covered by Rule 16(b)(1)(B).

3. A written summary of any expert testimony the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial as governed by Rule 16(b)(1)(C). This summary must describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications as set forth in Rule 16(b)(1)(C).

C. *Exculpatory Information*

To ensure that the Defendant can use the information effectively, which generally requires disclosure in advance of trial, the government shall disclose the

following to the defense at the appropriate time, but no later than **7 days** prior to trial:

1. Information and material known to the government that may be favorable to the Defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

2. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959). This includes, but is not limited to, making available any application to the Court for immunity of a witness as well as any order issued in response to the application.

3. The criminal record for any witness who will testify for the government at trial.

No further *Brady* motions or requests need be filed with the Court. The Defendant, however, may seek relief with respect to a specific dispute concerning the disclosure of favorable evidence.

D. *Additional Obligations of the Government*

1. The government shall advise all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports and statements pertaining to this case that are currently in existence. Other government employees are not required to retain their working papers.

2. The government shall not destroy any evidence in this case without giving **14 days'** notice to all defense counsel. If there is

any objection filed to the proposed destruction, the government shall not destroy the evidence without first having obtained the Court's approval to do so.

3. The government shall provide to the Defendant, no later than **14 days** prior to trial, a list stating the general nature of any crimes, wrongs or acts it intends to introduce in evidence against the Defendant pursuant to Fed. R. Evid. 404(b).

4. The government shall provide to the Defendant, no later than **14 days** prior to trial, the names of any unindicted co-conspirators whose statements will be offered against the Defendant in the government's case-in-chief pursuant to Fed. R. Evid. 801(d)(2)(E).

5. The government shall state, no later than **14 days** from the date of this Order, whether electronic surveillance of any kind, or a mail cover, was used in this case. If the answer is in the affirmative, the government shall state the nature and duration of the surveillance.

6. The government shall state, no later than **14 days** from the date of this Order, whether any confidential informant was used in this case.

7. The government shall state, no later than **14 days** from the date of this Order, whether the Defendant was the subject of electronic surveillance (as defined in 18 U.S.C. § 2510(11)), and, if so, shall set forth in detail the circumstances thereof, including copies of any application(s), affidavit(s) and order(s).

8. The government shall state whether the Defendant was identified in any lineup, show-up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom (a) within **14 days** from the date of this Order; or (b)

>            **immediately** if the identification is completed after the date of
>            this Order.
>
>    9.     The government shall state, no later than **14 days** from the date
>           of this Order, whether any evidence to be introduced at trial, or
>           leads therefrom, were obtained as a result of a search warrant
>           issued under Fed. R. Crim. P. 41.

   **E.    *Continuing Duty to Disclose***

The parties are reminded of their continuing discovery obligations under Rule 16(c) to promptly disclose newly discovered information or items covered by Rule 16 and/or this Order.

   **F.    *Rule 12 Pretrial Motions – Deadlines and Certification requirements***

Unless there is a dispute as to the application of this Order, a motion under Rule 12(b)(3)(E) that seeks information covered by Sections A, B, C, and D is unnecessary and should not be filed. Moreover, the government need not respond to a defense motion covered by those sections. If the Court determines a response is required, the Court will direct the government to file a response.

Absent good cause, or as otherwise permitted by the trial judge, pretrial motions covered by Rules 7(d), 7(f), 12(b)(2), or 12(b)(3) are to be filed no later than **21 days** from the date of this Order. The failure to respond to a motion (other than one where no response is necessary, *supra*) will permit the Court to assume that motion is unopposed. *See* Local Rule 3.01(c).

Absent good cause, the Court will not entertain any discovery motion unless counsel for the moving party certifies that counsel for the parties have been unable to resolve their differences, or to reach an agreement after holding a conference, or that opposing counsel has refused to confer without good cause. The Court will deny without prejudice any discovery motion that does not contain such a statement.

G.  *Defense Notice Requirements*

Unless otherwise ordered or permitted by the trial judge, any notice called for by Rules 12.1 (alibi), 12.2 (insanity or use of expert evidence of mental condition), or 12.3 (public-authority defense) shall be served no later than **21 days** from the date of this Order absent good cause shown.

H.  *Notice of Trial Date and Status Conference*

This case is set before the Honorable Mary S. Scriven, United States District Judge, **for the trial term commencing on November 4, 2024. NOTE: In lieu of a scheduled status conference, the parties are directed to file before the fifteenth of each month a joint status report that includes the following information:**

1. **A brief summary of the case's status, the number of remaining defendants, and the number of any fugitives.**

2. **The possibility, if known, of a plea agreement as to each defendant.**

3. **The number of days required for trial.**

4. **A list of all pending motions.**

5. **A brief explanation as to whether a potential speedy trial problem exists.**

**AFTER THE FIRST DAY OF THE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY FOR TRIAL UPON 24 HOURS NOTICE.**

SO ORDERED in Tampa, Florida, this 16th day of September 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record